UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **COREY DOUGLAS OGDEN,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. EA-23-2373 |
| **U.S. OFFICE OF PERSONNEL MANAGEMENT,** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Corey Douglas Ogden initiated the above-captioned action on August 29, 2023, claiming that Defendant the United States Office of Personnel Management (OPM) mishandled his claim for disability retirement benefits under the Federal Employees Retirement System (FERS). ECF No. 1. Pending before the Court is OPM's Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 10. The motion is fully briefed (ECF Nos. 10 and 14), and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, OPM's motion is granted.

**I.    Background[1]**

Mr. Ogden alleges that OPM discriminated against him, "committed gross negligence," and caused him pain and suffering when it mishandled his application for FERS disability retirement benefits. ECF No. 1 at 6.[2] Following OPM's denial of his original application filed in

---

[1] This factual summary is drawn from the allegations in the Complaint, as well as documents incorporated by reference and attached thereto as exhibits, after consideration of "the nature of the document and why the plaintiff attached it." *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016).

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

2016, Mr. Ogden appealed to the United States Merit Systems Protection Board (MSPB), which reversed OPM's decision and approved his application in 2023.  ECF Nos. 1-2 and 1-8 at 1.  Specifically, the MSPB determined that Mr. Ogden was entitled to a FERS disability retirement benefit.  ECF No. 1-2.

Mr. Ogden alleges that after OPM was directed to process his application pursuant to the MSPB's ruling, OPM "failed to pay [his] full retroactive benefits" (capitalization removed), arbitrarily deducted taxes from the retroactive benefits, and signed him up for non-existent health benefits without his permission.  ECF No. 1-8 at 1-2.  Following unsuccessful attempts to resolve the matter, Mr. Ogden initiated suit in this Court.  *Id.* at 2.  Mr. Ogden originally sought a total of $150,000 in damages, which consisted of $45,000 in retroactive benefits, a $5,000 reimbursement for health benefits he paid while filing his application, and $100,000 to compensate him for the savings he depleted throughout the application process and "for pain and suffering."  ECF No. 1 at 7; *see also* ECF No. 1-8 at 2 (attributing the $100,000 in alleged damages to depleted savings only).  Mr. Ogden subsequently informed the Court through correspondence received on March 29, 2024, that OPM had paid the retroactive benefits and, therefore, he now seeks only compensation for "$100,000 in lost savings."[3]  ECF No. 20.

**II.   Discussion**

OPM argues that this Court lacks subject matter jurisdiction over the Complaint because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over claims arising from FERS.  ECF No. 10 at 3.  Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  *Khoury* v. *Meserve*, 268 F. Supp. 2d 600, 606

---

[3] The Court may take judicial notice of its own records.  *Anderson* v. *Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 (4th Cir. 1990).

(D. Md. 2003), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg* v. *Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) ("jurisdiction goes to the very power of the court to act"). The plaintiff in a civil action bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *Demetres* v. *E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). When a defendant makes as facial challenge to the Court's subject matter jurisdiction over the asserted claims, as is the case here, the facts alleged in the complaint are taken as true. *Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, the Court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis* v. *Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

Here, Mr. Ogden challenges the manner in which OPM initially processed his FERS disability retirement benefits, as well as the manner in which OPM carried out MSPB's order. ECF Nos. 1, 1-8, 14, and 19. This Court does not have jurisdiction to address either aspect of his claims.

The procedure for asserting and appealing FERS claims is defined by statute and the implementing regulations. Pursuant to 5 U.S.C. § 8461(c)-(d), OPM is vested with authority to adjudicate all claims arising under FERS and to determine all questions of disability and dependency arising under FERS. The statute further provides that certain OPM decisions are "final and conclusive and are not subject to review," whereas others may be appealed to the MSPB. 5 U.S.C. § 8461(d)-(e). The implementing regulations "set forth the process by which a party can seek reconsideration or an appeal following OPM's initial decision." *Stekelman* v. *United States*, 752 Fed. Appx. 1008, 1010 (Fed. Cir. 2018) (citing 5 C.F.R. §§ 841.305-306,

3

841.308).  Pursuant to these regulations, certain categories of OPM decisions are subject to reconsideration by OPM, whereas other categories of decisions may be appealed to the MSPB.  5 C.F.R. §§ 841.305-308.  Judicial review of an MSPB final order or decision is authorized by 5 U.S.C. § 7703.  Any such "petition for review shall be filed in the United States Court of Appeals for the Federal Circuit."  5 U.S.C. § 7703(b)(1)(A).  Thus, the Federal Circuit has "exclusive jurisdiction . . . of an appeal from a final order or final decision of the [MSPB]."  28 U.S.C. § 1295(a)(9).  "No authority vests power in any other court to address how OPM awards federal benefits."  *In re Show Cause Ord. Dated Nov. 17, 2021*, Civil Action No. PX-21-3209, 2022 WL 2703822 at *3 (D. Md. July 11, 2022).  Additionally, any party may petition the MSPB for enforcement of a final decision or order.  5 C.F.R. § 1201.182(a).

Thus, to the extent that Mr. Ogden seeks review of the MSPB's ruling, he may only appeal to the Federal Circuit.  If Mr. Ogden seeks to challenge OPM's implementation of the MSPB's final order, recourse lies with the MSPB itself.  Mr. Ogden has been advised of each avenue of relief.  Attached as an exhibit to Mr. Ogden's Complaint is a copy of the MSPB's Final Order, which includes a "Notice of Appeal Rights" that specifies that "an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit."  ECF No. 1-2 at 14.  The Final Order further provides that "the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order."  *Id.* at ¶ 23.  Rather than appealing to the Federal Circuit or filing a petition for enforcement with the MSPB, Mr. Ogden initiated suit in this Court.  Yet, as this discussion and the authorities cited herein make clear, this Court lacks subject matter jurisdiction to review his claims.

## III. Conclusion

For the foregoing reasons, OPM's Motion to Dismiss is granted and the Complaint shall be dismissed. A separate Order will follow.

Date: June 28, 2024                                         /s/
                                                    Erin Aslan
                                                    United States Magistrate Judge